**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRBHAN DAGAR; et al., | No. 08-70677 |
| Petitioners, | Agency Nos. A099-340-270 |
| | A099-340-271 |
| v. | A099-340-272 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Virbhan Dagar and his family, natives and citizens of India, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Mashiri v.Ashcroft*, 383 F.3d 1112, 1118 (9th Cir. 2004).  We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider petitioners' claim for humanitarian asylum because they did not raise this issue to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Because the agency found Dagar established past persecution, the government had the burden to establish by a preponderance of the evidence that petitioners could avoid future persecution by relocating within India and that, under all the circumstances, it would be reasonable to expect them to do so.  *See* 8 C.F.R. §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (where an applicant shows past persecution, the INS has the burden to demonstrate by a preponderance of the evidence that the applicant "can reasonably relocate internally to an area of safety").  Dagar testified the police sought him out and mistreated him for years after his whistle-blowing activities and work-reinstatement efforts, did so despite multiple changes of residence and trips abroad, detained and seriously mistreated his father-in-law when they could not find him, and continued to inquire about him.  In addition,

petitioners indicated their ties to the United States through their two U.S. citizen children.  Substantial evidence does not support the agency's conclusion that Dagar's fear of future persecution was rebutted by evidence he could relocate internally.  *See Mashiri*, 383 F.3d at 1122-23.  Accordingly, we grant the petition for review.  Because Dagar is eligible for asylum and entitled to withholding of removal, we remand this case so that the Attorney General may exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum and so that the BIA can enter the appropriate order for withholding of removal.  *See Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir. 2006) (citation omitted).  In light of our conclusions, we need not reach petitioners' contention regarding CAT relief.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**